IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUTO-OWNERS INSURANCE COMPANY,

        Plaintiff,                      OPINION AND ORDER

and                                                 20-cv-220-wmc

T-BUCK PROPERTIES, LLC,

        Involuntary Plaintiff,
  v.

MAKITA, USA, INC.,

        Defendant.

---

In this civil action, plaintiff Auto-Owners Insurance asserts negligence, strict liability and breach of warranty claims against defendant Makita, USA, Inc., based on damages from a fire at its insured involuntary plaintiff T-Buck Properties, LLC's property allegedly caused by defendant's battery pack product. (Compl. (dkt. #1-2).) Invoking this court's diversity jurisdiction, defendant Makita has removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1). (Not. of Removal (dkt. #1) ¶ 4.) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, Makita will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends in its notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 5.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiffs cannot be a citizen of the same state as defendant. *Smart*, 562 F.3d at 803. Defendant's allegations as to the citizenship of involuntary plaintiff T-Buck Properties, LLC, prevents this court from determining if this is so.

"[T]he citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the notice of removal lacks *any* allegations regarding the names or the citizenship of any of T-Buck's members. Instead, defendant alleges T-Buck is "organized under the laws of the State of

2

Wisconsin with its principal place of business in Wisconsin." (Not. of Removal (dkt. #1) ¶ 7.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, defendant will be given leave to file within 14 days an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenship of each member of T-Buck Properties, LLC. In alleging the LLC's citizenship, plaintiff should be aware that if any members are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) defendant Makita USA, Inc., shall have until March 27, 2020, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 13th day of March, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge