IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AUTO-OWNERS INSURANCE
COMPANY,

                Plaintiff,                     OPINION AND ORDER

and                                           20-cv-220-wmc

T-BUCK PROPERTIES, LLC,

                Involuntary Plaintiff,

   v.

MAKITA USA, INC.,

                Defendant.

In response to this court's order denying defendant Makita USA, Inc.'s motion to strike plaintiff's expert, Michael Eskra, and defendant's motion for summary judgment, which is largely premised on that motion, defendant filed two motions: (1) motion for reconsideration on the denial of summary judgment as to plaintiff's breach of warranty claim; and (2) motion for leave to conduct a supplemental deposition of Michael Eskra. For the reasons that follow, the court will deny both motions.

OPINION

I. **Defendant's Motion for Reconsideration of Denial of Summary Judgment as to Plaintiff's Breach of Warranty Claim**

In the court's opinion and order on defendant's motion for summary judgment, the court denied defendant's motion for summary judgment on the breach of warranty claim, concluding that Auto-Owners' notice to Makita that its drill was involved in a fire some

six days after the June 22, 2017, fire satisfied the requirements of providing notice to bring a warranty claim.  See Wisc. Stat. § 402.607(3)(a) ("[t]he buyer must within a reasonable time after the buyer discovers or should have discovered any breach notify the seller of breach or be barred from any remedy").

In so holding, the court reasoned that Auto-Owners sent the notice on behalf of its insured, Christopher Richmond, who was the buyer of the Makita drill, rejecting defendant's argument that § 402.706(3)(a) requires the buyer himself to provide such notice.  (12/30/21 Op. & Order (dkt. #79) 15-16.)  Further, the court relied on the parties' representation that Richmond was the insured.  (Def.'s Reply to Def.'s PFOFs (dkt. #71) ¶ 2.)  Finally, the court also noted that defendant failed to provide *any* support for its argument that a notice provided by a party other than the buyer of the drill would be inadequate, assuming that it fulfilled the purposes of such notice.  (12/30/21 Op. & Order (dkt. #79) 15-16.)

In its motion for reconsideration, however, defendant points out that the parties mistakenly identified Richmond, the renter of the property at issue, as the insured; instead, Auto-Owners' insured is the *owner* of the property, involuntary plaintiff T-Buck Properties, LLC. (Def.'s Mot. (dkt. #80) 3.)   Based on this correction, defendant argues that the court's reasoning that Auto-Owners was acting as the buyer's agent in providing notice under § 402.706(3)(a) was premised on a mistake of fact.

In response, plaintiff does not dispute that T-Buck Properties is the insured, but argues the purposes of § 402.706(3)(a) were nonetheless satisfied by Auto-Owners' June 28, 2017, letter, in that Makita was timely informed of a fire originating "in the area where

your battery and battery charges were located." (Def.'s Mot., Ex. A (dkt. #80-1).)  As

defendant acknowledged in its reply brief, the purposes of the notice requirement are two-

fold:  "opening a path to settlement talks and giving the seller an opportunity to protect

him or herself." (Def.'s Reply (dkt. #60) 12 (citing *Wilson v. Tuxen,* 2008 WI App 94, ¶

44, 312 Wis. 2d 705, 754 N.W.2d 220).)

In denying defendant's motion for summary judgment as to this claim, the court

certainly accepted the parties' joint representation that Auto-Owners acted on behalf of

the buyer of the Makita Drill in providing notice of the fire to Makita.  However, the court

rested its opinion on the fact that defendant failed to point to any support for its argument

that the buyer must personally provide notice to satisfy § 402.706(3)(a).  Because this is

still true -- Auto-Owners' letter to Makita provided defendant with an opportunity to

address the injury caused by the alleged defect through settlement talks, and protect itself

-- the court will deny defendant's request to reconsider denial of defendant's motion for

summary judgment on the breach of warranty claim.

## II. Defendant's Motion for Leave to Conduct Supplemental Deposition of Michael Eskra

Defendant further seeks leave to conduct a second deposition of plaintiff's expert

Michael Eskra on the basis that he disclosed his opinion about the basis for the failure of

the Makita battery pack "for the first time" in a declaration submitted in opposition to

defendant's motion for summary judgment.  (Def.'s Mot. (dkt. #85) 2.)  As such,

defendant argues that it "is entitled to know the basis for Mr. Eskra's [new] . . . conclusions,

particularly when they contradict his prior sworn testimony and the known facts of the case."  (*Id.*)

While reasonable on its face, defendant's motion appears completely divorced from the facts surrounding Eskra's disclosure of his opinions as the court already explained in its opinion and order denying defendant's motion to strike Eskra's declaration as untimely. Certainly, the court acknowledged Eskra had failed to disclose this opinion in his original report, it found that:

> In his deposition, however, Eskra provided extensive testimony about his belief as to the cause of the cell failure, identifying a design defect, based on testing completed by his colleague, David Fieder, in December 2020, for which Eskra consulted on the design of the test."  The report Fieder prepared was provided by plaintiff to defendant in advance of the deposition and was marked as Exhibit 204.  Specifically, Fieder tested three BL1815N battery packs, which was the same model in the Makita drill at issue in this case.  As he described in his deposition testimony, Fieder and Eskra charged and discharged each battery pack, using a drill.  Based on this testing, Eskra concluded that "[t]he lower cut-off voltage on discharge is low, lower than it should be for a safe battery operation longevity."

(12/30/21 Op. & Order (dkt. #79) 12 (quoting Eskra Dep. (dkt. #39) 103, 107).)  Indeed, the court pointed out that this testimony was elicited by defendant's counsel.  (*Id.* at 13.)

As such, the court has already considered and rejected defendant's argument that Eskra disclosed this opinion for the first time in the declaration submitted in support of plaintiff's opposition to summary judgment.  Moreover, having disclosed these opinions during his deposition, defendant already had ample opportunity to explore his basis for concluding that a design defect allowing under-voltage caused the battery cell failure, which

4

in turn caused the fire.  Accordingly, defendant has failed to provide a sufficient reason for ordering a supplemental deposition of Eskra.

ORDER

IT IS ORDERED that:

1) Defendant Makita USA, Inc.'s motion for reconsideration of denial of MSJ as to warranty claim only (dkt. #80) is DENIED.

2) Defendant's motion for leave to conduct supplemental deposition (dkt. #85) is DENIED.

3) Defendant's motions for hearing (dkts. #86, 88) are DENIED AS MOOT.

Entered this 29th day of August, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge